## Case No. 2,908a.

### CLOWSER v. JOPLIN MIN. CO.

[4 Dill. 469, note.] [1]

Circuit Court, W. D. Missouri. April Term, 1877.

TENANCY IN COMMON OF MINERAL LAND—ACCOUNTING.

[Where a tenant in common of mineral lands exercises his undoubted right to take the common property, and has no other means of obtaining his just share than by taking at the same time the share of his cotenant, the value of the ore in place furnishes the just basis of account.]

[At law. Action of ejectment by Clowser against the Joplin Mining Company.]

DILLON, Circuit Judge (KREKEL, District Judge, concurring), charged the jury as follows in respect to the measure of liability for ores taken out of the land and sold by the defendant:

On this subject, no uniform rule applicable to all circumstances and all cases exists. Here is a case where (if the plaintiff is entitled to recover at all) the parties were in fact tenants in common, and where each party claimed the whole, and each denied any right in the other; where the defendants were rightfully in possession (for one tenant in common has as much right to the possession as another); where the plaintiff was absent, and for years had paid no attention to the land; where the defendants developed, if they did not discover, the lead mines and worked the same and took ore therefrom; the defendant company was organized and went into possession in 1874, the plaintiff appeared and set up a claim to the land in 1875, each party then claiming the whole. Under such circumstances, the court approves the rule laid down by the supreme court of Pennsylvania: Where "a tenant in common exercises his undoubted right to take the common property, and has no other means of obtaining his own just share than by taking at the same time the share of his companion, the value of the ore in place is the only just basis of account." Coleman's Appeal, 62 Pa. St. 278; Barton Coal Co. v. Cox, 39 Md. 1, and cases cited.

Under the statute of Missouri this rule may

properly be applied in measuring the right to a recovery in respect to ores taken when one tenant in common recovers in ejectment against another. Wag. St. 560, § 13.

[NOTE. This case is reported in 4 Dill. 469, as a note to Bly v. U. S., Case No. 1,581.]